UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE FIDELITY & CASUALTY COMPANY OF NEW YORK, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:05CV1430 HEA ) |
| DECA PROPERTY MANAGEMENT CO., INC., n/k/a DECA PROPERTIES, INC., and | ) ) ) ) |
| DECA CONSTRUCTION CO., INC., n/k/a DECA REALTY COMPANY, and | ) ) ) |
| WINSTON PENNINGTON, | ) ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Winston Pennington's Motion to Dismiss Plaintiff's Action for Declaratory Judgment, [#7], and Defendants Deca Property Managment Co., Inc., and Deca Construction Co., Inc.'s Motion to Dismiss Plaintiff's Action for Declaratory Judgment, [#9]. Plaintiff has responded to the motions. For the reason set forth below, Defendants' motions are granted.

### **Facts and Background**

Plaintiff, The Fidelity & Casualty Company of New York, seeks a declaratory judgment on the issue of its rights and obligations under an assigned risk workers'

compensation policy of insurance issued by Plaintiff to its named insured, Defendant Deca Construction Company, Inc. ("DCC"). Plaintiff's claim for declaratory relief arises out of a workers' compensation claim brought by Defendant Winston Pennington for injuries he received in June, 1992 while doing masonry work on a building managed by Defendant Deca Property Management, Inc. ("DPM"). Pennington's claim for compensation is currently pending in the Division of Workers' Compensation of the Missouri Labor and Industrial Relations Commission ("the Commission") on remand from the decision of the Missouri Court of Appeals. *See generally, Pennington v. Deca Property Management,* 109 S.W.3d 235 (Mo. App. E.D. 2003).

Plaintiff alleges that DPM denied any knowledge of Pennington during the compensation proceedings and denied the existence of any workers' compensation insurance for itself. The Commission, however, found that DPM was the statutory employer of Pennington. After filing a notice of appeal, the parties filed a joint motion to remand of the case to the Commission based on new evidence, namely that DPM discovered it had paid its agent, Defendant DCI, which was insured by Plaintiff, for repairs to the premises the day before Pennington alleged he was injured. The Missouri Court of Appeals vacated the Commission's decision and remanded the case "for a determination regarding whether there was an insurer, to grant leave to name the

insurer, if found, as a party and to thereafter proceed in accordance with Chapter 287"[1] *Id.* at 239. Following remand, DPM's Answer was amended to name DCC as the putative employer, and DPM was dropped from the pleadings in the underlying case. Also, in August, 2005, the Commission heard and denied a motion filed by Plaintiff for bifurcation and ruled that the coverage issues and defenses raised by Plaintiff would be tried with the underlying claim for compensation.

Plaintiff alleges in its Complaint that Defendant DCC, the insured, was not an agent of Defendant DPM, but a corporate entity separate and distinct from DPM. Plaintiff therefore claims that uncertainty exists as to the rights and duties of the parties to defend the underlying claim for compensation on behalf of DCC. Plaintiff seeks a stay of the underlying compensation claim until a judicial declaration is made regarding the issues affecting the rights and duties of the parties. Defendants now move to dismiss Plaintiff's action, because the factual allegations asserted are the same as those already pending in a similar state action.

## Discussion

Defendants' motions rest upon the claim that since another proceeding is pending in a state court in which the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in federal court is unwarranted. The correctness

---

[1]Under Section 287.300 of the Missouri Revised Statutes, the insurer is primarily liable to an injured employee.

of this claim is relevant in determining whether this Court should assume jurisdiction and proceed to determine the rights of the parties.

Although jurisdiction may exist, it does not follow that it must be exercised. The Declaratory Judgment Act confers a *discretion* on the court rather than an absolute right upon the litigant. 28 U.S.C. § 2201; *Public Service Commission of Utah v. Wycoff Co.,* 344 U.S. 237, 241 (1952); *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494 (1942). Federal courts should exercise their discretionary power with the proper regard for the rightful independence of state governments in carrying out their domestic policy. Conflicts in the interpretation of state law, dangerous to the success of state policies, are almost certain to result from the intervention of lower federal courts. *Commonwealth of Pennsylvania v. Williams,* 294 U.S. 176, 185 (1935); *Burford v. Sun Oil Co.,* 319 U.S. 315, 318 (1943). A federal court in a declaratory judgment suit should give strong consideration to the public interest involved in the avoidance of needless friction with state policies. *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 500 (1941).

In *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491 (1942), the United States Supreme Court held that a federal court should generally not proceed in a declaratory judgment action where another suit between the same parties is pending in a state court presenting the same issues, not governed by federal law. *Brillhart,* 316 U.S. at 495; *see also Yellow Cab Transit Co. v. Overcash,* 133 F.2d 228 (8th Cir.

1942). *Brillhart* emphasized that in exercising its statutory jurisdiction to grant declaratory relief, the federal court must ascertain whether the questions in controversy between the parties to the federal court suit can be better settled in the proceedings pending in state court. *Id.* The federal court should consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding. *Id.*

In this case, the issue of whether and under what circumstances Plaintiff is liable for the injuries suffered by Defendant Pennington while performing work for Defendant DCC and/or Defendant DPM are questions of Missouri law and are better settled in the proceedings currently pending in state court. Although the Division of Workers' Compensation of the Missouri Labor and Industrial Relations Commission is not a "court" in a strict constitutional sense, it is charged under Missouri law with judicial functions and powers and is compelled in discharge of its duties to exercise judicial power and is for all practical purposes the Missouri court of original jurisdiction of claims for compensation arising under Missouri law. *See Overcash,* 133 F.2d at 232. The Commission's decision, which determined Defendant DPM to be the statutory employer of Defendant Pennington, was vacated by the Missouri Court of Appeals and the case was remanded back to the Commission. Therefore, the grounds Plaintiff advances here in support of its claim for declaratory relief, including the issue of its rights and responsibilities to DCC (the insured) and Pennington (the injured party), and issue of whether DCC was actually an agent of Defendant DPM, may be presented

before the Commission on remand and before the Missouri courts to which Plaintiff has the right to appeal. Intervention by this Court at the present stage of the Missouri proceeding would be a gratuitous interference with the orderly and comprehensive disposition of a state court litigation. In addition, Plaintiff's prayer that this Court stay the underlying compensation claim is inherently dubious. A proceeding in federal court for declaratory judgment does not affect the legal power of a state court to go forward at any time with a case then pending before it between the same parties and involving the same issues. Issuing an injunction to stay the parallel state court proceedings does not fall within the Anti-Injunction Act's exception for injunctions in aid of a district court's jurisdiction. *See* 28 U.S.C. § 2283.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss Plaintiff's Action for Declaratory Judgment, [#7 and #9], are granted.

**IT IS FURTHER ORDERED** that the matter is hereby dismissed.

Dated this 18th day of November, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE